# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE, TENNESSEE

| | |
|---|---|
| **KITAKIAMMA BANKS, et. al.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 3:13-0673** |
| ) | **Judge Trauger** |
| **CITY OF MOUNT JULIET et. al.** ) | |
| ) | |
|     **Defendant.** ) | |

## ANSWER TO THE FIFTH AMENDED COMPLAINT

Comes now your Defendant, Specialized Security Consultants, Inc. ("Defendant") and for answer to the Complaint filed against it states as follows:

1. The allegations of paragraph 1 of the Complaint recite the alleged basis for Plaintiff's claim against this Defendant. This Defendant denies that the Complaint states a cause of action upon which relief may be granted against this Defendant and does not agree that the Court has jurisdiction over the claims against this Defendant. Defendant denies that Defendant violated any of the statutes that are identified in paragraph 1 of the Amended Complaint and denies that it violated or can otherwise be held responsible for the alleged violation of the constitutional rights alleged in paragraph 1 of the Complaint. This Defendant denies that it is a state actor. Defendant is a private security firm, and its agreement to provide private security service was with the apartment owners and/or managers.

2. This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 2 of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

    2.1. The allegations of paragraph 2.1 of the Complaint identify various Plaintiffs who supposedly were residents, and this Defendant is without sufficient

knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 2.1 and demands strict proof thereof if its interests are to be affected thereby.

2.2. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 2.2 of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

2.3. Defendant denies any allegations of paragraph 2.3 of the Complaint alleging that it violated any rights of a Plaintiff, Chonta Nealous, and demands strict proof thereof if its interests are to be affected thereby.

3. The allegations of paragraph 3 do not require a response from this Defendant.

3.1. The allegations of paragraph 3.1 are directed to another Defendant. This Defendant is without sufficient knowledge or information to form a belief as to whether the City of Mt. Juliet owns and operates a community center located adjacent to the Willow Creek Apartments.

3.2. Defendant admits that Micha Duke has been employed as a security officer in the past by Defendant. Defendant denies that Micha Duke was a state actor while working with Defendant and denies that he acted under the color of state law as a state actor. Defendant denies that Micha Duke was employed by Defendant at all times mentioned in Complaint. Defendant denies the remaining allegations.

3.3. The allegations of paragraph 3.3 of the Complaint are directed to other parties and are better answered by said parties.

3.4. The allegations of paragraph 3.4 of the Complaint are directed to another party and are better answered by said party.

3.5. It is admitted that Defendant is a Tennessee corporation licensed to do business in the State of Tennessee. Defendant admits that it provided private security services at the Willow Creek Apartments for a brief period of time but denies that it was a state actor. Defendant admits upon information and belief that it has employed James Hambrick in the past but denies any allegations of paragraph 3.5 of the Complaint that Defendant acted as a state actor or otherwise employed Mr. Hambrick in relation to the allegations of the Complaint. Defendant denies any allegations of paragraph 3.5 of the Complaint alleging that Defendant caused any damage to Plaintiffs.

3.6. This Defendant states that Defendant was not acting under the color of state law at any time. Rather, it was engaged to provide private security services. It did not replace public police officers. The remainder of the allegations of paragraph 3.6 of the Complaint are vague and non-specific, and Defendant demands strict proof thereof if its interests are to be affected thereby.

3.7. The allegations of paragraph 3.7 of the Complaint are denied to the extent that they state that Defendant was employed by other parties, Hoss, Gonzalez, Woodland or Concord at all times mentioned in the Complaint. By Defendant's count, Plaintiffs have amended repeatedly and most of their allegations concern dates when Defendant was not engaged to provide private security services. Defendant admits that it provided private security services at Willow Creek Apartments, but it was not engaged by all such entities or at all times mentioned in the Complaint. Defendant admits that it employed off duty police officers as security officers, but denies that it carried out unconstitutional policies and procedures and denies that it deprived anyone of their constitutional rights and denies that it acted as a state actor.

3

3.8. The allegations of paragraph 3.8 are not factual in nature. Defendant denies that it violated any of the alleged statutes identified in paragraph 3.8 or any constitutional rights of Plaintiffs and demands strict proof thereof if its interests are to be affected thereby.

4. The allegations of paragraph 4 are directed to another party. Upon information and belief, said allegations are denied.

5. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 5 of the Complaint and demands strict proof thereof if its interests are to be affected thereby. Defendant did not provide any security services on June 9, 2013.

5.1. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of paragraph 5.1 of the Complaint and demands strict proof thereof if its interests will be affected thereby.

5.2. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of paragraph 5.2 of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

5.3-5.6. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraphs 5.3 through 5.6 of the Amended Complaint and demands strict thereof if its interests are to be affected thereby.

5.7. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 5.7, including the subparagraphs, and demands strict proof thereof if its interests are to be affected thereby.

4

5.8. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 5.8 and demands strict proof thereof if its interests are to be affected thereby.

5.9. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of paragraph 5.9 of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

5.10. All allegations of Count 1 of the Amended Complaint which suggest, imply or otherwise state or allege that Defendant is liable to Plaintiffs under any theory or violated any rights of Plaintiffs is hereby denied.

6. Defendant incorporates its responses to the preceding paragraphs as if repeated verbatim herein. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6 of the Complaint and demands strict proof thereof if its interests are to be affected thereby. Defendant was not providing any private security services on June 9, 2013.

6.1. The allegations of paragraph 6.1 of the Complaint are denied.

6.2. The allegations of paragraph 6.2 of the Complaint are denied.

6.3. The allegations of paragraph 6.3 of the Complaint are denied.

6.4. The allegations of paragraph 6.4 of the Complaint are denied.

6.5. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.5 of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.6. The allegations of paragraph 6.6 of the Complaint are denied.

6.7. The allegations of paragraph 6.7 of the Complaint are denied.

6.8. The allegations of paragraph 6.8 of the Complaint are denied.

6.8(1) The allegations of paragraph 6.8(1) are denied.

6.8(2) The allegations of paragraph 6.8(2) are directed to another defendant, and this Defendant is without sufficient knowledge or information to form a belief as to said allegations and demands strict proof thereof if its interests are to be affected thereby.

6.8(3) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(3) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(4) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(4) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(5) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(5) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(6) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(6) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(7) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(7) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(8) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(8) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(9) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(9) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(10) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(10) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(11) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(11) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(12) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(12) of the

Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(13) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(13) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(14) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(14) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.8(15) This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 6.8(15) of the Complaint and demands strict proof thereof if its interests are to be affected thereby.

6.9. Defendant denies the allegations of paragraph 6.9 of the Complaint.

6.10. The allegations of paragraph 6.10 of the Complaint are directed to another Defendant. This Defendant denies that it engaged in any unlawful or unconstitutional policies.

6.11. All allegations alleged in Count 2 of the Complaint which allege, suggest or imply that Defendant harmed or otherwise violated any constitutional rights of Plaintiffs are hereby denied. In addition, Defendant denies that Plaintiff has stated a cause of action for any injury as a result of the allegations of Count 2 of the Complaint.

8

7. Defendant incorporates all preceding answers to the preceding paragraphs as if repeated verbatim herein. The allegations of paragraph 7 of the Complaint are denied.

    7.1. The allegations of paragraph 7.1 of the Complaint are denied. Defendant denies that it is a state actor and denies that any allegations of paragraph 7.1 of the Complaint properly state a cause of action against this Defendant.

8. Defendant incorporates all of the preceding paragraphs concerning any alleged damages as if repeated verbatim herein. Defendant states that Plaintiffs have failed to state any claim for damages and states that this Defendant did not cause any damages to Plaintiffs.

    8.1. The allegations of paragraph 8.1 of the Complaint are denied.

    8.2. The allegations of paragraph 8.2 of the Complaint are denied.

    8.3. The allegations of paragraph 8.3 of the Complaint are directed to another Defendant. This Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of said allegations and demands strict proof thereof if its interests are to be affected thereby.

    8.4. All allegations of wrongdoing or otherwise any allegations that allege or suggest or imply in Count 3 of the Amended Complaint that this defendant is liable to Plaintiffs under any theory are hereby denied.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

NOW, having answered the Amended Complaint filed against it, Defendant states the following additional and/or affirmative defenses.

1. Defendant states that Plaintiffs have failed to state a cause of action upon which relief may be granted against this Defendant. This Defendant was not a state actor and may not be sued under any of the constitutional theories alleged by Plaintiffs nor did it violate any of the statutes alleged by Plaintiffs.

2. Pleading alternatively, Defendant states that any actions taken by this Defendant were constitutionally protected and/or justified and legally privileged.

3. This Defendant did not cause any injury or harm to Plaintiffs. Plaintiffs suffered no injury or harm and to the extent that Plaintiffs claim such injury or harm, Defendant states that Plaintiffs' own actions failed to mitigate their possible damages and/or served as provocative measures or gestures.

4. Defendant states that Plaintiffs are guilty of comparative fault.

5. Defendant pleads the benefit of any statute of limitations that bars any allegations by Plaintiffs.

6. Defendant pleads the doctrine of unclean hands as to Plaintiffs.

7. This Defendant may not be held liable for the actions or omissions of any other alleged Defendant and is entitled to separate consideration.

8. This Defendant denies that it caused any damages to Plaintiff. To the extent that Plaintiffs allege that they are entitled to punitive damages, said damages would be unconscionable and not permitted under the circumstances of this case and would constitute a constitutional penalty. To the extent that said damages are sought, Defendant requests a bifurcated hearing for such damages.

9. No discovery has been conducted in this case. Defendant reserves the right to state such other defenses as may be just, equitable and proper.

10. The Plaintiffs' claims against this Defendant are and have been released, discharged and relinquished by the settlement of their claims with the apartment defendants in this case whom Plaintiffs now refer to as the "former defendants" in their Complaint. According to the docket sheet, Plaintiffs have settled any claims with the alleged principal in this case,

Willow Creek Apartments and said discharge of the principal would discharge any claims against Defendant.  Defendant was on the property and operated with the authority of Willow Creek Apartments. To the extent that said parties are alleged to have been released, said release also discharges this Defendant.  Pleading alternatively, Defendant pleads that it is entitled to an offset and credit for any alleged damages due to settlement with the apartment complex managers and owners.

11. Pleading in the alternative, Defendant pleads the doctrine of comparative fault against the Willow Creek Apartment defendants whom Plaintiffs have apparently now dismissed from the lawsuit for money.  Any actions of Defendant were authorized and/or ratified by the owners/managers of Willow Creek Apartments, and to the extent that such actions are challenged, the owners/managers of the apartment complex are chargeable with comparative fault.

WHEREFORE, these premises considered, this Defendant requests that the Complaint filed against it be dismissed with prejudice with the costs and attorney's fees taxed to Plaintiffs. If a trial is necessary, this Defendant requests that a jury of the good citizens of the Middle District of Tennessee be summoned to try well and true such allegations and that following the trial, that Defendant be awarded its costs, including its attorney's fees to the extent that said fees are permitted by statute and that the Court grant Defendant such other relief as maybe just, equitable and proper.

Respectively submitted,

BUTLER SNOW LLP

By: */s/ William S. Walton*
WILLIAM S. WALTON, #11177
150 Third Avenue South
Nashville, TN 37201
(615) 651-6717
Attorneys for Specialized Security
Consultants, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent electronically via the Court's ECF notification system on the same date of filing to the following:

Phillip Davidson
Lawrence Wilson
2400 Crestmoor Rd, Suite 319
Nashville, Tennessee 37215

Robert Burns
Howell & Fisher
Court Square Building
300 James Robertson Pkwy
Nashville, Tennessee 37201

*/s/ William S. Walton*

ButlerSnow
22086994v2