**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| KITAKIAMMA BANKS, et al., | ) |
| | ) CIVIL ACTION NO. 3:13-0673 |
| Plaintiffs, | ) JUDGE TRAUGER |
| | ) |
| v. | ) JURY DEMAND |
| | ) |
| CITY OF MT. JULIET, TENNESSEE, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## CASE MANAGEMENT ORDER

A. JURSDICTION:   This court has jurisdiction pursuant to 28 U.S.C. § 1331, 1343 and Title 42 U.S.C. §§ 1981, 1982, 1983 and 3601.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFFS:  Plaintiffs Kitakiamma Banks, et al., bring this case for violation of Title 42 U.S.C. §§ 1983 for arrest without probable cause and excessive force. These plaintiffs claim the defendants Matt Mang, Officer Short, Officer Toy and David Lee arrested them without probable cause and used excessive force during a disturbance at the Willow Creek Apartments on June 9, 2011. These plaintiffs, except for Nealous, as well as the remainder of the plaintiffs, all African Americans, further bring this action pursuant to Title 42 U.S.C. §§ 1981, and 1982, as well as Title 42 §§ 3601, the Fair Housing Act, based on the remaining defendants' unequal treatment of them in the conditions and use of their rental property. Plaintiffs allege the defendants violated their right to equal protection of the law and other substantive due process rights protected the 14th Amendment to the Constitution. Plaintiffs allege that the City of Mt. Juliet and many of its officers acted in concert with the former defendants Cheri Hass, Gonzales, Woodland Arms Apts, Ltd. and Concord Management, LTD to deny them equal access to the common areas and treated them unfairly and unequally, because of their

race, over a period of time. As to the City, Chief Hambrick and Specialized Security Consultants, we are alleging that they conspired to act in violation of the Plaintiffs's 14th Amendment Due Process rights by the actions set forth in the complaint. Plaintiffs are alleging specific instances of illegal conduct on the part of the defendants and general violations of law applicable to all of the plaintiffs.

2) DEFENDANTS:

CITY OF MT. JULIET, TENNESSEE DEFENDANTS:

Defendants City of Mt. Juliet, Tennessee; Matt Mang, individually; Officer Short, individually; Chief Hambrick, individually; Officer Toy, individually; and the unnamed City of Mt. Juliet Police Officers, individually, deny that any of their actions or inactions related to the Plaintiffs and events referenced in this litigation violated the Plaintiffs's rights. The Mt. Juliet Defendants dispute the Plaintiffs's factual account of the events of June 9, 2013. Specifically, the Mt. Juliet Defendants contend that their actions related to the arrests which are the subject, in part, of this litigation were lawful, did not violate any of the arrestees's rights and did not involve the use of excessive force. Further, the Mt. Juliet Defendants deny that they acted in concert with the former Woodland Arms Defendants, either in whole or in part, in connection with the numerous Plaintiffs who have brought this litigation claiming that their rights were also violated under Local, State and/or Federal Housing Laws. The Mt. Juliet Defendants who are individually sued - Defendants Mang, Short and Toy - maintain that they are entitled to qualified immunity. To the extent that other currently unnamed law enforcement officers employed by the City of Mt. Juliet will be identified at a later point in time, these Defendants anticipate that those to-be-identified officers will also rely upon the defense of qualified immunity. To the extent that Plaintiffs assert a *Monell* theory against Defendant City of Mt. Juliet, the City denies that it had or has any policy, practice, pattern or custom of either acting toward or

dealing with the Plaintiffs, or allowing its City policy officers to do the same, in any manner which would expose the City of Mt. Juliet to liability.

Finally, to the extent that Plaintiffs's housing discrimination or racial discrimination claims will be found to be insufficient as a matter of law, the Mt. Juliet Defendants rely upon the defense of failure to state a claim.

SPECIALIZED SECURITY CONSULTANTS, INC. DEFENDANT:

Defendant, Specialized Security Consultants is a private security firm and it is not a state actor. Plaintiffs have failed to state a cause of action upon which relief may be granted against this Defendant. This Defendant may not be sued under any of the constitutional theories alleged by Plaintiffs nor did it violate any of the statutes alleged by Plaintiffs.

Alternatively, This Defendant states that any actions taken by this Defendant were constitutionally protected and/or justified and legally privileged.

In addition, Specialized Security Consultants did not cause any injury or harm to Plaintiffs. Plaintiffs suffered no injury or harm from this Defendant. Indeed, this Defendant was not even on the property during most of the time period alleged in the Plaintiff's amended pleadings. This Defendant denies that it caused any damages to Plaintiffs. Each Plaintiff must specifically identify what alleged conduct it claims was wrongful and attributable to this Defendant. To the extent that Plaintiffs claim such injury or harm was caused by this Defendant, Defendant states that Plaintiffs' own actions failed to mitigate their possible damages and/or served as provocative measures or gestures. Defendant states that Plaintiffs are guilty of comparative fault, and Defendant pleads the equitable defense encompassed by the doctrine of unclean hands as to Plaintiffs.

Since it is unclear exactly what conduct Plaintiffs are alleging against this Defendant, Defendant pleads the benefit of any statute of limitations that bars any allegations by Plaintiffs. This

Defendant may not be held liable for the actions or omissions of any other alleged Defendant or party. Specialized Security Consultants is entitled to separate consideration.

The Plaintiffs' claims against this Defendant are and have been released, discharged and relinquished by the settlement of their claims with the apartment defendants in this case whom Plaintiffs now refer to as the "former defendants" in their amended Complaint. According to the docket sheet, Plaintiffs have settled any claims with the alleged principal in this case, Willow Creek Apartments and said discharge of the principal would discharge any claims against Defendant. Anytime that this Defendant was on the property, it was present with the consent and pursuant to the authority of Willow Creek Apartments. To the extent that said parties are alleged to have been released, said release also discharges this Defendant. Pleading alternatively, Defendant pleads that it is entitled to an offset and credit for any alleged damages due to settlement with the apartment complex managers and owners.

Also pleading in the alternative, Defendant pleads the doctrine of comparative fault against the Willow Creek Apartment defendants whom Plaintiffs have apparently now dismissed from the lawsuit for money. Any actions of Defendant were authorized and/or ratified by the owners/managers of Willow Creek Apartments, and to the extent that such actions are challenged, the owners/managers of the apartment complex are chargeable with comparative fault.

To the extent that Plaintiffs allege that they are entitled to punitive damages, said damages would be unconscionable and not permitted under the circumstances of this case and would constitute a constitutional penalty. To the extent that said damages are sought, Defendant requests a bifurcated hearing for such damages.

No discovery has been conducted in this case. Defendant reserves the right to state such other defenses as may be just, equitable and proper. By reference, Defendant also incorporates all defenses raised in its Answer and denies any allegations of wrongdoing by Plaintiffs' in this case.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before October 1, 2014.

F. DISCOVERY: Discovery is not stayed during dispositive notions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

The following states and deadlines for discovery are established:

(a) The deadline for propounding interrogatories and requests for production of documents shall be September 15, 2014.

(b) The deadline for all parties to respond to interrogatories and requests for production of documents shall be October 20, 2014.

(c) The deadline for the completion of all lay depositions shall be February 13, 2015.

(d) The deadline for disclosure of Plaintiff's experts shall be March 16, 2015.

(e) The deadline for disclosure of Defendants's experts shall be April 27, 2015.

(f) The deadline for the completion of Plaintiff's expert depositions shall be June 1, 2015.

(g) The deadline for the completion of Defendants's expert depositions shall be July 3, 2015.

G.   MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before _____9/1/14_____.

H.   JOINT MEDIATION REPORT: The parties shall submit a joint mediation report on or before _____2/1/15_____.

I.   DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before March 16, 2015. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

J. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

K. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 5-7 days. It is so ORDERED.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

*/s/ Phillip L. Davidson*
Phillip L. Davidson, BPR#006466
5115 Maryland Way, Suite 212
Brentwood, TN 37027
Ph: 615-386-7115
phil@pldavidson.com
*Attorney for Plaintiffs*

*/s/ Lawrence D. Wilson*
Lawrence D. Wilson, Esq. BPR#004076
Attorney at Law
2400 Crestmoor Road, Suite 319
Nashville, TN 37215
Ph: 615-386-7145
lwtw2@att.net
*Attorney for Plaintiffs*

*/s/ Robert M. Burns*
Robert M. Burns, BPR#015383
Patrick J. Gray, BPR#030483
300 James Robertson Parkway
Nashville, TN 37201
Ph:  615-244-3370
rburns@howell-fisher.com
*Attorney for Defendants*
*City of Mt. Juliet, Matt Mang,*
*Officer Short, Officer Toy,*
*Chief Hambrick and the Unnamed*
*City of Mt. Juliet Police Officers*

*/s/ William S. Walton*
William S. Walton, Esq. BPR#11177
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 Third Avenue South, Suite 1600
Nashville, TN 37201
Ph:  615-651-6717
Fx: 615-651-6701
bill.walton@butlersnow.com
*Attorney for Defendant Specialized Security*
*Consultants, Inc.*